UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,        CIVIL ACTION NO. 13-51000

vs.

                              DISTRICT JUDGE ARTHUR J. TARNOW

BOBBY JOE CHRISTIAN,       MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION:** The Court recommends that Plaintiff's expedited motion for an order authorizing sale of personal property executed and levied upon (docket no. 22) be **GRANTED** and Defendant's requests for hearing on Plaintiff's writs of execution (docket nos. 9-12) be **TERMINATED**.

**II.**    **REPORT**:

    Before the Court are Defendant's requests for hearing on Plaintiff's writs of execution. (Docket nos. 9-12). Plaintiff has filed a response. (Docket no. 21). Also before the Court is Plaintiff's expedited motion for an order authorizing sale of personal property executed and levied upon. (Docket no. 22). Defendant has not filed a response and the time for responding has expired. These matters have been referred to the undersigned for decision. (Docket nos. 13, 23). The Court held a hearing on these matters on October 31, 2013 and took the matters under advisement. Defendant failed to appear for the hearing. The Court is ready to rule on these matters pursuant to 28 U.S.C. § 636(b)(1)(B).

1

Plaintiff states that Defendant Bobby Joe Christian was convicted of bank fraud charges in Case No. 00-CR-80318-03 and ordered to pay restitution in the amount of $1,522,093.00. Plaintiff claims that Defendant has not made a payment toward his restitution since January 2007. The balance of the judgment owed by Plaintiff as of October 4, 2013 is $1,461,128.99. (Docket no. 20). In June 2013, Plaintiff requested and obtained writs of execution against Plaintiff's property, to wit, a 2002 BMW automobile, a 2005 Corvette automobile, a 1998 Rinker 30' powerboat, and a 2011 Suzuki motorcycle. (Docket nos. 2-8).

On August 29, 2013 Defendant filed requests for hearing on the writs of execution. Defendant's hearing requests fail to identify a basis for any claim for exemption. (Docket nos. 9-12). Thereafter, Plaintiff moved for an order authorizing the United States Marshals Service ("USMS") to enter Defendant's premises in order to execute and levy the personal property listed in the writs of execution. (Docket no. 17). The Court granted Plaintiff's request and entered the appropriate order on September 25, 2013. (Docket no. 19).

On October 16, 2013, Plaintiff filed the instant expedited motion for an order authorizing sale of personal property executed and levied upon. (Docket no. 22). The motion states that the USMS executed and levied upon the BMW, Corvette, and the 1998 Rinker powerboat. (Docket no. 20). It also claims that the USMS located the Suzuki motorcycle at a pawnshop and will execute and levy upon it in the near future. Plaintiff seeks an order authorizing the sale of the personal property at issue, claiming that the value of the personal property will be depleted by storage costs until the time the property is disposed of. Plaintiff also claims that the motorcycle and boat are seasonal items that should be marketed and sold as soon as possible to maximize the return on these items.

The Court noticed a hearing on Defendant's requests for hearing on the writs of execution and on Plaintiff's motion for an order authorizing the sale of personal property. The hearing was scheduled for October 31, 2013. Plaintiff appeared for the motion hearing but Defendant did not.

28 U.S.C. § 3203(g)(1)(B)(ii)(I) states that personal property may be sold only after the expiration of the 30-day period beginning on the date of levy. The court may order the sale of personal property before the expiration of the 30-day period if it determines that the value of the property will depreciate during the 30-day period. 28 U.S.C. § 3203(g)(1)(B)(ii)(II).

Plaintiff states that the 30-day period runs on October 30 for the Rinker powerboat, November 2 for the BMW and Corvette, and not before November 9 for the Suzuki motorcycle. The undersigned finds that the value of the personal property listed in the writs of execution (docket nos. 5-8) will depreciate as a result of daily storage costs and diminishing seasonal demand. Defendant has not identified a basis for any claim for exemption. Accordingly, the Court recommends that Plaintiff's motion should be granted and Plaintiff be given authorization to sell the items of personal property listed in the writs of execution (docket nos. 5-8) to the extent the 30-day period beginning on the date of levy has not expired on these items.

The undersigned recommends entry of the following order:

**IT IS HEREBY ORDERED** that Plaintiff's expedited motion for an order authorizing sale of personal property executed and levied upon (docket no. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that the items of personal property designated below, to wit:

One 2002 BMW VIN: WBAGL63492DP59228;
One 1998 Rinker 30' Boat HULL: RNK58118A898 ("the Boat"); and
One 2005 Corvette VIN: 1G1YY34U055136545;

must be sold by the USMS, its agent, nominee or designee, in the most commercially feasible and

expeditious manner possible as authorized by law;

**IT IS FURTHER ORDERED** that the USMS' costs associated with the execution and sale of any or all of the above-designated items of personal property must be deducted from the gross proceeds of the sale(s) and paid to the USMS prior to further distribution of the net proceeds of sale to the Clerk of the Court as provided for below;

**IT IS FURTHER ORDERED** that actual storage and maintenance costs in the amount of Four Thousand Six Hundred Forty Five Dollars and Ninety-Three Cents in U.S. Currency ($4,645.93) previously incurred by Kean's Marina of Detroit, Michigan for the 1998 Rinker Boat must be deducted from the gross proceeds of the sale of the Boat and paid to Kean's Marina prior to further distribution of the net proceeds of sale of the Boat to the Clerk of the Court as provided for below;

**IT IS FURTHER ORDERED** that the net proceeds from the sale or sales of any or all of the items of personal property designated above after payment of the costs specified above must be deposited with the Clerk of the Court and applied to the Defendant's restitution as ordered in the Judgment in a Criminal Case entered against Defendant in Case No. 00-CR-80318 on or about July 24, 2001.

**IT IS FURTHER ORDERED** that Defendant's requests for hearing on Plaintiff's writs of execution (docket nos. 9-12) are terminated.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

     Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: November 15, 2013     s/ Mon aK. Majzoub
     MONA K. MAJZOUB
     UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

     I hereby certify that a copy of this Report and Recommendation was served upon Bobby Joe Christian and Counsel of record on this date.


Dated: November 15, 2013     s/ Lisa C. Bartlett
     Case Manager